**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DURCK DAUPHIN; and EGLISE
EVANGELIQUE BAPTISTE DE SION,

        Plaintiffs,

v.                                         Case No. 6:16-cv-1839-Orl-37TBS

GUIDEONE MUTUAL INSURANCE
COMPANY,

        Defendant.

**ORDER**

This cause is before the Court *sua sponte*. Upon review of the operative Complaint and the Notice of Removal, the Court is unable to determine whether it has subject matter jurisdiction over this case.

On September 28, 2016, Plaintiffs filed their Third Amended Complaint against Defendant in state court, asserting claims for breach of contract and declaratory relief. (Doc. 2 ("**Complaint**").) That same day, Plaintiff Durck Dauphin ("**Dauphin**") filed its response to Defendant's Request for Admissions (Doc. 1-3 ("**Admissions**")). On October 21, 2016, Defendant removed the action, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 ("**Notice of Removal**").)

In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81,

89 (2005). Upon removal, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Dauphin's Admissions and the Notice of Removal sufficiently establish that: (1) Dauphin is a citizen of Florida; (2) Defendant is a citizen of Iowa; and (3) the amount in controversy is greater than $75,000. (Doc. 1, ¶¶ 12, 13, 16, 17; *see also* Docs. 1-2, 1-3.) However, Defendant has failed to establish the citizenship of Plaintiff Eglise Evangelique Baptiste De Sion ("**Eglise Church**"). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). As such, Defendant's reliance on the allegation in the Complaint that Eglise Church is a "Florida not-for-profit corporation duly licensed to conduct affairs in the State of Florida" is insufficient to establish citizenship. (Doc. 1, ¶ 15.) Rather, because Eglise Church is a corporation, Defendant must allege its state of incorporation and principal place of business.

Accordingly, on or before Thursday, **November 3, 2016**, Defendant is **DIRECTED** to file an amended notice of removal that sufficiently remedies the deficiency outlined in this Order. Failure to timely file may result in remand without further notice.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record